# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOSEPH S. MELORO, BAR NO. 12256.

No. 76563

FILED

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF REMAND

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a revised conditional guilty plea in exchange for a stated form of discipline for attorney Joseph S. Meloro.[1] Under this revised agreement, Meloro admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), and RPC 8.1(b) (bar admission and disciplinary matters). The agreement provides for a one-year suspension, retroactive to June 1, 2017, as well as a specified condition precedent to Meloro's reinstatement to the State Bar, and payment of $2,500 in fees plus the actual costs of the disciplinary proceedings.

---

[1]This court previously considered the disciplinary matters at issue here and remanded for the disciplinary hearing panel to clarify certain inconsistencies. *See In re Discipline of Meloro*, Docket No. 72945, 74186 (Order of Remand, Mar. 23, 2018).

18-39834

The violations that Meloro admitted to in the conditional guilty plea agreement differ from those that the panel found in its findings of fact, conclusions of law, and recommendation. Indeed, the panel's recommendation includes two additional violations: RPC 1.2 (scope of representation) and RPC 8.4 (misconduct) that the parties agreed to dismiss. Although the record demonstrates that the panel orally announced its unanimous acceptance of the conditional guilty plea at the hearing, the panel's written recommendation fails to reflect this.

Additionally, the record does not support some of the aggravating factors agreed to by the parties and approved by the panel. For instance, prior disciplinary history was listed as an aggravating factor but the record definitively shows that Meloro does not have any past disciplinary offenses. The record also does not support a finding that Meloro had substantial experience in the practice of law. The first instance of misconduct occurred when Meloro had been practicing law less than three years and the second instance occurred when Meloro had only four years of experience. Less than five years of practice does not, in this case, constitute substantial experience in the practice of law. *See, e.g., In re Disciplinary Proceeding Against Ferguson*, 246 P.3d 1236, 1250 (Wash. 2011) (concluding that an attorney must have ten or more years' experience for "substantial experience in the practice of law" to apply as an aggravating factor in an attorney discipline case).

Accordingly, we remand this matter for the panel to clarify its recommendation in light of the foregoing issues.[2]

It is so ORDERED.[3]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc:  Law Firm of Telia U. Williams
     Chair, Southern Nevada Disciplinary Board
     Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada

---

[2]This court's records indicate the Meloro has been administratively suspended since April 17, 2017, for noncompliance with annual minimum continuing education requirements as provided in SCR 212(5). *In re Administrative Suspension of Non-Compliant Members*, Docket No. 72827 (Order of Suspension, Apr. 17, 2017).

[3]This order constitutes our final disposition of this matter. Any further proceedings involving Meloro shall be docketed as a new matter.